Case number 10-1847, Joseph Poliszczuk v. Catherine Winkler. Okay, would the lawyers who are going to argue this case please approach and introduce yourself. Good morning, Your Honors. Deidre Bowman for the appellants. Good morning, Your Honors. Jonathan Kohler on behalf of the appellees. Okay. Thank you. Appellant, you've got to stand. You have to reserve some time for your... Thank you, Your Honor. May it please the Court, Counsel. This case, first of all, must be reviewed de novo. They cite, the appellee cites the Niemeyer case to suggest that an abuse of discretion standard is appropriate. The case that Niemeyer cites, however, Bank of Chicago, does not at all address the issue of post-judgment interest. Rather, it's a pre-judgment interest case. So, obviously, the Court would have discretion and the standard would be abuse of discretion in relation to pre-judgment interest. That is not what we're talking about here. We're talking about post-judgment interest in the statute 735 ILCS 52-1303 is mandatory. That post-judgment interest at 9% in this type of case must be tendered on the final judgment. So the issue in this case is simply whether or not the trial court erred as a matter of law in concluding that there was a full tender. And for purposes of argument, I will agree with Counsel that we should look at that February 6, 2007 letter, which, of course, did not contain a check, either for the judgment amount, for the cost, and did not contain any mention, let alone a tender of a monetary amount for interest. Let me ask you this question. Can there be a tender by letter, or does a tender have to be a check? I believe a tender has to be by check. All right. And are there any cases that say that it could be done by letter? I do not. I know there was some indication in our brief that that might be possible. I don't recall a case where it is possible to make a tender by mere letter without tendering a check. If you look at some of the other cases. All right. But would you agree that by your conduct you could waive interest? Would you believe it? First of all, I think we don't even get to the point of the conduct of us, of the appellants, until there is an actual formal tender. And that is what the court in this case held. He didn't say that we waived formal tender or that by our conduct we did something inappropriate. Rather, he said that this letter was formal tender, and that was his holding. So to that extent, I think the court has to consider that. But there's also case law that says independent of the acts of the creditor, the debtor has to make that full tender. And that's the Thomas v. Missouri-Illinois Railroad case, 30 Ab. 3rd, which states that. So I don't think we even get there. First we have to ask, was there full tender? There wasn't. By virtue of the fact that interest wasn't even if you could make tender by way of letter. By way of this letter, they did not even include the interest. Well, would you agree that your first letter that you wrote when you said you didn't want any interest, you weren't looking for a check until after the time for a notice of appeal had expired, that there would be no interest for that period? That's a very short period. That was 30 days, and that's not at all what the court addressed here. He cut off our interest. He cut off two years of interest. I understand. And there was never any type of – But I want to know what your position is on that first 30 days of interest. What's your position about that? Are you entitled to it or not? And when you say you don't want it, does that mean you don't want it? Does that mean that you do want it? I believe my recollection is that we were deferring the check, including interest and judgment, for those 30 days until we made the decision. So you think you're entitled to it for that period also? Yes. And how about your bill of costs, although that's really not an issue in this appeal? Did this court even have jurisdiction to consider your costs? To consider the costs after the – I mean, the court only has jurisdiction for 30 days, yet this court gave you guys costs, didn't they? Without having even jurisdiction to do so. And nobody picked that up on any of your briefs, did you? No, I don't think we did. No. But the court can, by its conduct, accept jurisdiction, and I would posit that that's what it did in awarding costs. And, of course, since you guys had argued, we can't get into that, but I just wanted to point that out to you. That's a good point. Thank you. You know, and, again, the lack – they claim that the lack of response showed that any attempts would be in vain. Again, the case law is clear that it is their obligation to tender. It's not our obligation to chase after the money, to beg – No, but you see, they wrote you letters and you didn't respond to them on any of these letters. Does that conduct – is that conduct that a lawyer should be involved with? Are you asking in the ethical – Well, any way you want to answer it. Yeah, in the grand scheme of things, would it have been preferable to answer the letter? Yes. Did we have a legal right not to answer it, thereby rejecting an improper tender? Absolutely. This was not a complete and full tender. By failing to respond to the letter, although it was not perhaps a nice thing to do, we were effectively and legally rejecting the tender, and we had a right to do that. And I think with that, I will – unless you have any further questions. It's fine. Thank you. Good morning again, Your Honors. May it please the Court, my name is Jonathan Koehler, counsel for the appellee Catherine Winkler. As you know, we're here to ask this Court to affirm the decision of Judge Fine, which told the statutory interest on February 6th of 2007, and that is the issue before this Court today, whether Judge Fine abused his discretion in holding that the statutory interest was to stop accruing on February 6th, 2007, when it began on September 16th, 2006, the date the judgment was entered. I would disagree with counsel's position with respect to the standard of review. Niemeyer is clear, and cites Bank of Chicago, that this should be examined under the abuse of discretion standard. Counsel states that Bank of Chicago cites pre-judgment interest, but Niemeyer is a case about post-judgment interest, and it holds – Well, answer me this. How did this Court even add jurisdiction to do this? Which, you know, neither one of you addressed that, but we always have to look at jurisdiction. I mean, this was way past 30 days. Now the Court is considering tenders, interests, motions. What gives the Court the jurisdiction to do that? There's no 1401 motion here. Judge, as you may know, this case was once before this Court for a completely different issue. I understand that, but, you see, jurisdiction is always an issue because, you see, if there's no jurisdiction in the circuit court, then there's certainly no jurisdiction here. Judge, I – You can't infer jurisdiction on this Court. I would agree with Your Honor that if this is a jurisdictional issue, I think – All right, but you're not prepared to respond to my jurisdictional questions. That would be correct, Your Honor. I'm not prepared for jurisdictional questions. All right. Then let me ask you another question. How could you make a tender by a letter? Judge, I believe that the – Does the letter tell us when you're going to pay? I believe the letter itself asks the plaintiff and counsel for information so we're able to pay. Absent the information from counsel, we are unable to pay anything on the jury award. The letter itself asks for, for instance, a tax identification number, a computation of plaintiff's cost, and even a case that plaintiff cites, which is Halloran v. Dickerson. Yeah, but can you find me one Illinois case that says that you can make a tender by a letter? Judge, I would agree with that position but also disagree with it in saying that I don't know that there's an Illinois case that states that you cannot make a tender. Or a case in any jurisdiction that says such a thing. I mean, normally a tender is when you hand somebody a check. And, of course, you could always, you know, if the plaintiff lawyer is not cooperative, you could always pay the judgment to the Circuit Court of Cook County, to the clerk. Certainly, Your Honor. Then you don't have to pay any interest, do you? That's true, Your Honor. But I would also make the alternative argument that the letter was an offer to pay and the conduct of the plaintiff excused any further tender after that point. All right. Well, do you have a case that says that? Cassiola v. Gardner speaks about excuse of tender when tender would be vain, idle, or useless because of the actions of the plaintiff. And I think that case is on point for the case here today, mainly because the case here today revolves around a letter that was sent to counsel requesting costs. And as I was stating, counsel even admits in her own brief in citing the case of Halloran v. Dickerson that costs are to be added to the judgment award and computed interest. Without the cost, we only have the judgment award, and it is impossible to make a decision. Well, do costs go on forever, or does the court have jurisdiction for costs for just 30 days? Or if you don't know, just say you don't know. Judge, I don't know. Okay. But in that letter, we were requested certain information, specific information, where we wouldn't have been able to make a tender without that information, specifically the cost, the tax identification number for plaintiff's firm, and also notice how the lien should be dealt with. We can't simply just write a check to plaintiff and her attorney and not protect the lien holders in this case. No, you put the lien holder's name on the check. Then you don't have a problem. I mean, isn't that what Allstate does 99% of the time? They just put the lien holder's name on the check. You were trying to be nice guys. Typically, the lien holders would be kind of separate draft, but in any event, in this case, without the cost, there's no way to compute interest. We can compute interest on the judgment itself, but we cannot compute interest on the judgment plus the cost. So you're telling me that interest also applies to costs? I would say yes, Your Honor. You would? Do you have a case that says that or a statute? I believe that's cited in the case of Halloran v. Dickerson, which is cited in plaintiff's brief. Okay. In addition, as stated before, the plaintiff's conduct itself is what excused the tender. There was no possible way to make a sufficient tender. In any event, if the plaintiff is willing to defer that for the 30 days, that interest would not be added. There's no way to start that clock back up again, and I believe that was also included in plaintiff's affidavit, which is in the record that we were to hold off on issuing drafts for 30 days, and then because the plaintiff may appeal. I don't know that the plaintiff is explicitly saying that they're not entitled to interest for those 30 days, but I think their actions reflect that. And once they stopped that clock, there was no action which started it back up again. They simply ignored all of our requests for basic information so we could make it up. But does an appeal stop interest? An appeal does not stop interest, Your Honor. However, the plaintiff's silence is very indicative that they were not going to take our tender,  Instead, the plaintiff said, hold off for 30 days. We may appeal. We wrote a letter on February 6th of 2007 asking for that information. Instead of responding, they simply filed the appeal, which, as Your Honor pointed out correctly, does not stop interest, but the plaintiff's actions themselves stop interest on February 6th, 2007. If, Your Honor, the court is to find that there was no tender made in that letter, I would submit the alternative argument that it was excused, and I think that's a lot of what we've done. That's what your argument is, Your Honor. Correct, Your Honor. The plaintiff simply can't be silent and expect that the defendant is going to be able to magically pull a number out of a hat and make the proper tender without the proper information. I bet you if this happens again, you'll pay it to the clerk of the court. Certainly, Your Honor. And also, just one final point as a policy argument, we can't have plaintiffs that just simply fail to respond and keep interest tolling and tolling. Instead of being proactive, I'm not attempting to shift the burden onto the plaintiff to say, this is exactly what you owe me, but they do have to at least take some proactive steps and just not let the clock run to accumulate more interest. And for those reasons and the reasons in our brief, we ask that you affirm the decision of the trial court. Thank you. I think as a policy matter, we need to require that when a judgment is entered, pursuant to the interest statute, that the judgment at least, which they knew about, be tendered, an actual check with interest from the date that the judgment was entered until the date that tender was made. If there is any question as to costs or anything else, it's their duty to bring it to the attention of the court, which they did not do. The Casciola case deals with a lack of response that clearly and unequivocally shows that any additional temps by the defendant would be in vain. That is not the case here. And if you go back to the letter suggesting that we would wait the 30 days, that in and of itself shows that there was no intent that a tender would be in vain, that we intended to forego interest for the duration of the appeal and so forth. And I think that letter in and of itself demonstrates that. We ask that this court remand this to the trial court for entry of interest from the date interest was awarded until... Why would we have to remand that? Couldn't we do that? Actually, you probably could figure it out. Not probably, we could. If we find that to be the case. And we're asking for interest on the interest that we were not given. Thank you very much. Thank you guys very much. It was an interesting case and your briefs were done well, your arguments were done well. We'll take the case under advisement.